Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 396 | **DATE** | 12/12/2000 |
| **CASE TITLE** | James Meredith vs. City of Chicago et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we grant the motion [24-1] of defendant Quest Diagnostics Incorporated to dismiss Count II of plaintiff's Third Amended Complaint. Therefore, Count II of the Third Amended complaint is dismiss with prejudice, and Quest Diagnostics Incorporated is dismissed as a defendant in this litigation.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | DEC 14 2000 | 37 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JAMES MEREDITH, | ) |
| | ) |
| Plantiff, | ) |
| | ) |
| v. | ) No. 00 C 0396 |
| | ) |
| CITY OF CHICAGO and QUEST | ) Honorable Wayne R. Andersen |
| DIAGNOSTICS, INCORPORATED, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of defendant Quest Diagnostic, Incorporated ("Quest") to dismiss Count II of plaintiff's Third Amended Complaint. For the following reasons, we grant the motion to dismiss.

## BACKGROUND

On May 16, 1996, plaintiff, a Chicago Police Officer, submitted a urine sample for a random drug testing program. The sample was sent to Quest, a private clinical laboratory which engages in the analysis of biological specimens. Quest reported that plaintiff's urine sample contained marijuana metabolites and Ambien, a prescription drug. On or about January 21,1998, after a hearing in the matter, the Chicago Police Board (the "Board") found that plaintiff violated the rules of the Department and discharged plaintiff from the services of the City of Chicago. Thereafter, plaintiff sought administrative review of the Board's findings and decision in the Circuit Court of Cook County, Illinois. On August 26, 1998, the Circuit Court of Cook County found that the Board's decision was supported by sufficient evidence.

37

Plaintiff then appealed to the Illinois Appellate Court, First Judicial District. On August 26, 1999, the Illinois Appellate Court held that the evidence supported the Board's findings that plaintiff tested positive for marijuana, but found that the evidence did not support findings that plaintiff ingested Ambien, a prescription drug. The Illinois Appellate Court remanded the case to the Board for further proceedings. On remand, the Board determined that plaintiff rendered a urine specimen which contained marijuana metabolites thus evidencing ingestion of marijuana. However, the Board found that plaintiff was not guilty of ingesting the medication Ambien. The Board then reaffirmed its decision to discharge plaintiff from service.

On January 20, 2000, plaintiff filed this action naming the City of Chicago as the only defendant. On April 6, 2000, plaintiff filed an Amended Complaint which added Count II, a negligence claim, against Quest. On July 18, 2000, this Court entered an order dismissing Quest as a defendant because the claims against it are barred by the statute of limitations. Plaintiff subsequently moved to vacate that order, which this Court granted. On July 25, 2000, the Court gave plaintiff leave to file a Second Amended Complaint, which he did on July 31, 2000.

On October 11, 2000, plaintiff filed a Third Amended Complaint which alleged that Quest had violated federal regulations known as Executive Order 12564 and Section 503 of Pub. L 100-71, also known as the NIDA Guidelines or Mandatory Guidelines for Federal Workplace Drug Testing Program. ("NIDA Guidelines"). Count II of the Third Amended Complaint alleges that "Quest violated federal NIDA laboratory regulations by failing to maintain the plaintiff's urine specimen for independent inspection and testing as required

2

during all related disciplinary and administrative proceedings." Plaintiff further alleges that he was "irreparably injured by Quest's failure to maintain drug test specimen during the City's administrative discharge proceedings." These are the only allegations in the entire complaint which relate to Quest.

## DISCUSSION

A motion to dismiss should not be granted unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). We take the well-pleaded allegations of the complaint as true and view them, as well as reasonable inferences therefrom, in the light most favorable to the plaintiff. Ellsworth v. City of Racine, 774 F.2d 182, 184 (7th Cir. 1985), cert. denied, 475 U.S. 1047 (1986).

### I. The Claim Against Quest Is Barred By The Statute Of Limitations

Quest moves to dismiss Count II on the basis that the cause of action alleged is barred by the applicable two year statute of limitations. We agree.

The NIDA Guidelines do not contain a statute of limitations for the filing of civil actions. Thus, we must apply the most analogous state statute of limitations. Lumpkin v. Envirodyne Industries, Inc., 933 F.2d 449, 464-65 (7th Cir. 1991). In this case, plaintiff alleges that Quest failed to maintain the urine specimen and that plaintiff was injured by Quest's actions. We find that plaintiff's allegations are similar to a negligence action. Therefore, we apply the Illinois two-year statute of limitations for personal injuries.

Plaintiff alleges that on January 21, 1998, he was discharged by the City of Chicago. On January 20, 2000, within the two-year limitations period, plaintiff filed this cause of action

3

against the City. However, plaintiff failed to name Quest as a party and did not allege any cause of action against Quest in the original complaint. On April 6, 2000, plaintiff filed an Amended Complaint adding Count II, which alleges a cause of action against Quest for the first time.

In this case, plaintiff's action accrued, at the latest, when he was discharged by the City on January 21, 1998. Plaintiff did not name Quest as a defendant until the Amended Complaint was filed on April 6, 2000, after the two-year statute of limitations had expired. Thus, in order for plaintiff's action to go forward against Quest, plaintiff must show that he has met the requirements of Fed.R.Civ.P.15(c), which governs "relation back" of pleadings when a plaintiff seeks to amend his complaint to change or add defendants.

Rule 15(c) provides that relation back is permitted to add a new defendant when: 1) the claim asserted in the amended pleading arose out of the same occurrence set forth in the original pleading; 2) the new party received notice of the action within the 120 day service period provided for by Rule 4(j); and 3) the new party "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against th[at] party."

In this case, plaintiff has not demonstrated that there was a mistake concerning the identity of the proper party. Plaintiff simply failed to name Quest as a defendant before the statute of limitations expired. For this reason, we conclude that the amendment adding Quest as a defendant fails to satisfy the requirements of Rule 15(c). As a result, relation back is precluded and plaintiff's action against Quest is time-barred by the two-year statute of limitations.

4

## II. Plaintiff Has Failed To Allege A Federal Cause Of Action Against Quest

In the Third Amended Complaint, plaintiff asserts federal question jurisdiction as the only basis for the jurisdiction of this Court. However, plaintiff has failed to allege a cognizable federal cause of action against Quest for a purported breach of a federal guideline or regulation. The NIDA Guidelines cited by plaintiff do not confer a right on a private party for a laboratory's failure to maintain a specimen. Plaintiff fails to cite any federal authority to support his assertion in Count II that he has a federal claim against Quest. In the Third Amended Complaint, he has simply changed the heading of Count II from a tort of negligence to a purported federal claim. Therefore, plaintiff has no federal claim against Quest, and Count II also must be dismissed for lack of federal jurisdiction.

## CONCLUSION

For the foregoing reasons, we grant the motion of defendant Quest Diagnostics Incorporated to dismiss Count II of plaintiff's Third Amended Complaint. Therefore, Count II of the Third Amended Complaint is dismissed with prejudice, and Quest Diagnostics Incorporated is dismissed as a defendant in this litigation.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: December 12, 2000