# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 396 | **DATE** | 7/5/2001 |
| **CASE TITLE** | John Meredith vs. City of Chicago | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: The defendant City of Chicago's motion to dismiss the plaintiff's third amended complaint is granted. This case is dismissed in its entirety. This is a final and appealable order.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 0 6 2001 | |
| | Notified counsel by telephone. | | date docketed | 43 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| ✓ | Mail AO 450 form. | FILED FOR DOCKETING | | |
| | Copy to judge/magistrate judge. | 01 JUL -5 PM 5: 13 | date mailed notice | |
| TSA | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN MEREDITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 00 C 396 |
| | ) | |
| | ) | Wayne R. Andersen |
| CITY OF CHICAGO, | ) | District Judge |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on a motion to dismiss Plaintiff's third amended complaint filed by defendant City of Chicago. Plaintiff, John Meredith, filed this action against Defendant pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988 for violation of Constitutional due process rights under the Fourteenth Amendment of the United States Constitution.

The primary issue presented in this motion is whether the Rooker-Feldman doctrine, the doctrine of res judicata, or the doctrine of collateral estoppel bar this Court's jurisdiction over Plaintiff's claims when an Illinois state court has previously heard the claims and entered judgment on them. For the following reasons, Defendant City's motion to dismiss is granted.

43

## BACKGROUND

On a motion to dismiss, the facts must be considered in a light most favorable to the plaintiff. Therefore, the following facts alleged by Plaintiff will be accepted as true for the purpose of this motion.

Plaintiff, a Chicago police officer, was discharged by the Police Board of the City of Chicago ("the Board") after failing a random drug test administered by the Chicago Police Department ("the Department"). Prior to his discharge, Plaintiff submitted a urine sample for the drug test. The sample tested positive for marijuana metabolites. In a written statement, Plaintiff explained that he had been taking a number of over-the-counter and prescription medications and that they may have contributed to the positive result. Plaintiff allegedly admitted that one of the prescription drugs, Ambien, belonged to his nephew and that he may have taken it by mistake. The Department subsequently brought charges against Plaintiff and sought to discharge him for violation of Department Rules 1 (violation of any law or ordinance), 2 (conduct discrediting the Department), and 6 (disobedience of a Department order or directive) when he tested positive for marijuana and allegedly admitted taking his nephew's Ambien.

In late 1997, the Board conducted an administrative hearing to decide whether to discharge Plaintiff. Two laboratory technicians from the Department's random drug testing unit testified about the test procedure and the specimen transfer to Quest Diagnostics Laboratory ("Quest"). Several of the

2

Quest technicians and the certifying toxicologist, Porfiria Monje, also testified at the hearing. The Quest toxicologist who did perform the tests on Plaintiff's specimen was not present at the hearing.

On February 2, 1998, the Board found Plaintiff guilty of violating Department Rules 1, 2, and 6 and officially discharged him. Plaintiff filed an administrative review complaint. The Circuit Court of Cook County heard the complaint. On August 25, 1998, the Circuit Court rejected the complaint because the Board's decision was supported by sufficient evidence.

Plaintiff appealed the Circuit Court decision to the Illinois Appellate Court, First District. The appeal contended that: (1) the administrative hearing violated Plaintiff's due process rights; and (2) the Board's decision was against the manifest weight of the evidence.

The Appellate Court held that the administrative hearing had not violated Plaintiff's due process rights. John I. Meredith v. Chicago Police Department, No. 1-98-3597 (Ill. App. Ct., 1st Dist., August 26, 1999). Plaintiff contended that his due process rights had been violated because the Department did not present the toxicologist who tested his urine, because his urine sample had been destroyed prior to the hearing, and because his cross-examination of a witness, Sergeant Wayne Hovland, had been limited. The Appellate Court found no due process violation because there is no requirement that every person who handled the specimen be present to testify, because Plaintiff never

requested a retest of the sample at any time prior to the hearing, and because the hearing officer did not inhibit questioning of Sergeant Hovland.

The Appellate Court further held that the Board's decision was not against the manifest weight of evidence regarding Plaintiff's marijuana use. However, the Appellate Court held that the Board's decision was against the weight of evidence regarding Plaintiff's use of Ambien. There was not sufficient evidence in the record to conclude that Plaintiff had intentionally taken Ambien or that he had taken Ambien at all. The Appellate Court remanded the case to the Board to decide whether the marijuana violation alone would result in Plaintiff's discharge. Plaintiff appealed the Appellate Court's decision to the Illinois Supreme Court. The Supreme Court denied his appeal on December 1, 1999. Meredith v. Chicago Police Department. 713 N.E.2d 1163 (Ill. 1999). On March 16, 2000, the Board, on remand, upheld its previous decision ordering Plaintiff's discharge.

Plaintiff did not seek administrative review in the Circuit Court of Cook County, but filed a complaint, pursuant to 42 U.S.C. §1983, in this Court. Plaintiff alleges that the Defendant City deprived him of his due process rights by failing to produce the toxicologist who tested his specimen and by destroying the specimen prior to the hearing. Defendant City of Chicago has filed a motion to dismiss Plaintiff's claims because Illinois courts have already ruled upon his claims and, therefore, the Rooker-Feldman doctrine, the doctrine of res judicata, and the doctrine of collateral estoppel bar Plaintiff's claims.

4

## DISCUSSION

In deciding a motion to dismiss, the court must assume the truth of all facts alleged in the complaint, construing the allegations liberally and viewing them in the light most favorable to the plaintiff. Wilson v. Formagioni, 42 F.3d 1060, 1062 (7th Cir. 1994); McMath v. City of Gary, Ind., 976 F.2d 1026, 1031 (7th Cir. 1992). "Dismissal is properly granted if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Cushing v. City of Chicago, 3 F.3d 1156, 1159 (7th Cir. 1993) (quoting Hishon v. King Spalding, 467 U.S. 69, 73 (1984)).

### I. Rooker-Feldman Doctrine

The Defendant City of Chicago contends that the Rooker-Feldman doctrine bars Plaintiff's due process claims in this Court because the Illinois state courts have already ruled upon them. We agree. The Rooker-Feldman doctrine precludes lower federal court jurisdiction over claims argued and decided upon in state courts.

The Rooker-Feldman doctrine prohibits federal court subject matter jurisdiction over claims seeking review of state court judgments and over claims that are "inextricably intertwined" with state court judgments. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482-86 (1983). Rooker-Feldman is premised on the principle that a district court only has original, not appellate, jurisdiction

over the cases it hears. Gash v. Village of Rosemont, 995 F.2d 726, 728 (7th Cir. 1993). State court judgments can be reviewed only within the state court system or in the Supreme Court of the United States. Id. See also Garry v. Geils, 82 F.3d 1362, 1366 (7th Cir. 1996).

The key inquiry in deciding whether Rooker-Feldman bars a plaintiff's federal claim is whether the federal court is essentially being asked to review the state court judgment. Ritter v. Ross, 992 F.2d 750, 754 (7th Cir. 1993). If so, the federal court lacks jurisdiction. Id. Whether the state court judgment is erroneous or even unconstitutional is irrelevant. Kamilewicz v. Bank of Boston Corp., 92 F.3d 506, 510 (7th Cir. 1996).

Other courts have reached the same conclusion as this Court when faced with facts similar to this case. For example, in Manley v. City of Chicago, the Seventh Circuit barred a Chicago police officer's 42 U.S.C. §1983 claim under the Rooker-Feldman doctrine. 236 F.3d 392, 398 (7th Cir. 2001). Manley was discharged after an administrative hearing conducted by the Police Board of the City of Chicago. Id. at 394. After the Circuit Court of Cook County dismissed his complaint for administrative review, Manley concurrently appealed to the Illinois Appellate Court and filed suit in federal court. Id. His federal claim, under 42 U.S.C. §1983, alleged that his constitutional due process and equal protection rights had been violated in the administrative hearing. Id. at 395. The district court dismissed Manley's claim for lack of subject matter jurisdiction and he appealed to the Seventh Circuit Court of Appeals. Id.

The Seventh Circuit held that, although Manley did not expressly argue the due process claims in the state courts, the Rooker-Feldman doctrine nonetheless precluded the officer's federal claims because he had fully and adequately challenged his termination before the police board and through the state court system. Manley, 236 F.3d at 397. The court reasoned that, if a federal court were to grant him the relief he requested, it would need to review the state court rulings because his injury stemmed directly from the state court judgment upholding the administrative board's decision. Id. at 398. The Rooker-Feldman doctrine prohibits such review. Id. See also Maple Lanes, Inc. v. Messer, 186 F.3d 823, 825 (7th Cir. 1999) (holding that plaintiff's injury stemmed directly from the state court judgment upholding the city's revocation of its liquor license); Gash, 995 F.2d at 729 (holding that Rooker-Feldman bars federal subject matter jurisdiction if plaintiff's complaint stems from the state court judgment confirming the forced sale of his home by the Village of Rosemont).

As in Manley, Plaintiff in this case contends that the due process pleadings submitted to this court are original and have never been argued before. Specifically, he argues that the issue of the right to confront witnesses was not argued or ruled upon in any prior proceeding. This is not correct. Plaintiff expressly contended, in his appeal to the Illinois Appellate Court, that the administrative hearing had violated his due process entitlements in three ways. Plaintiff argued that his due process rights had been violated because the

7

Department did not present the testimony of the persons who tested his urine sample, because the administrative hearing officer had limited Plaintiff's cross-examination, and because Plaintiff's urine specimen had been destroyed before his hearing.

The Appellate Court addressed the alleged violations and held that Plaintiff's due process rights had not been violated in the administrative hearing. Regarding the issue on point in this complaint, the Appellate Court held that Plaintiff's due process rights had not been infringed upon simply because the toxicologist who tested his urine sample had not been at the hearing. The Court explained that "the department need not present testimony of every person in the chain of custody" and that the absence of the toxicologist did not harm the case. (Ex. A at 10, quoting People v. Winters, 97 Ill. App. 3d 288, 290-91 (1981)). Because Plaintiff's due process claims have been squarely argued before the Illinois Appellate Court, the Rooker-Feldman doctrine bars this Court's jurisdiction over Plaintiff's due process claims.

As noted, the Rooker-Feldman doctrine precludes lower federal courts from reviewing state court judgments. Rooker, 460 U.S. at 483. Even though Plaintiff's alleged injury is a result of the administrative hearing's process, and not of the state court judgment itself, Rooker-Feldman still bars his claims. The claims are, in essence, "attacking" the state court's affirmation of the Board's decision. Gash, 995 F.2d at 728. Thus, Plaintiff's complaint asks this court to

review the Illinois Appellate Court judgment. Rooker-Feldman prohibits such review. Rooker, 460 U.S. at 483.

Finally, the Illinois Appellate Court had proper jurisdiction to hear Plaintiff's due process claims. State courts have jurisdiction over claims of constitutional deprivation, brought against state actors, that are joined with requests for administrative review. Davis v. City of Chicago, 53 F.3d 801, 803 (7th Cir. 1995). Thus, the Illinois Appellate Court properly exercised its jurisdiction over Plaintiff's claim that he had been denied his due process rights in his administrative hearing.

Therefore, because the state court had proper jurisdiction to hear Plaintiff's claims and because Plaintiff did in fact argue his due process claims before the Appellate Court, the Rooker-Feldman doctrine precludes this Court's subject matter jurisdiction over Plaintiff's complaint.

## II. Res Judicata

Defendant City also contends that the doctrine of res judicata bars Plaintiff's due process claims. We agree.

The doctrine of res judicata is governed by the Full Faith and Credit Statute, 28 U.S.C. §1738. Section 1738 reads that the judgments of any court in any state shall have the "same full faith and credit in every court within the United States...as they have by law or usage in the courts of such State...from which they are taken."

The Supreme Court of the United States holds that Section 1738 requires federal courts, while determining the effect of a state court judgment, to apply res judicata only as it would apply in the state that rendered the initial judgment. Kremer v. Chemical Construction Corp., 456 U.S. 461, 481-82 (1982).

Under Illinois law, res judicata is applicable if: (1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of causes of action; and (3) there is an identity of parties. DeLuna v. Trester, 185 Ill.2d 565, 572, 708 N.E.2d 340, 344 (Ill. 1999). Res judicata also bars claims that could have been raised and determined in prior proceedings. Torcasso v. Standard Outdoor Sales Inc., 157 Ill.2d 484, 626 N.E.2d 225 (Ill. 1993).

Res judicata bars Plaintiff's claims before this Court. First, as noted, Plaintiff brought his due process claim before the Illinois Appellate Court prior to the filing of this complaint. (Ex. A at 12-13.) Second, the due process cause of action in this complaint is identical to the due process cause in the Illinois Appellate Court. Causes of action are identical under res judicata if they are based on the same, or approximately the same, factual allegations. Hermann v. Cencom Cable Ass. Inc., 999 F.2d 223 (7th Cir. 1993). The cause of action in this complaint and the cause of action argued before the Illinois Appellate Court are based on the same facts and arise from the same administrative hearing. Third, the parties to this suit, the City of Chicago Police Department and John Meredith, remain unchanged. Although Defendant Quest Diagnostics has been

10

dismissed from this complaint, the relationship of the current parties to this complaint is "essentially identical." Sampson v. Yellow Cab Co., 55 F.Supp.2d 867, 871 (N.D.Ill., 1999).

Therefore, Plaintiff's claims in this Court are also barred by the doctrine of res judicata.

Because we have determined that Plaintiff's claims in this Court are barred by the doctrines of Rooker-Feldman and res judicata, we need not consider whether Plaintiff's claims are barred by the doctrine of collateral estoppel.

## CONCLUSION

For the foregoing reasons, the defendant City of Chicago's motion to dismiss the Plaintiff's third amended complaint is granted. This case is dismissed in its entirety. This is a final and appealable order.

It is so ordered.

/Wayne R. Andersen
United States District Judge

Dated: July 5, 2001

11